# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SATERA N. WASHINGTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-435-R |
| | ) |
| OKLAHOMA CITY UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Doc. 9. The matter is fully briefed and at issue. *See* Docs. 9–11. For the reasons stated herein, the Court denies Defendant's motion.

**I.   Background**

The Court takes as true all well-pleaded factual allegations in the complaint and views them in the light most favorable to Plaintiff. *See Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). Plaintiff, a black female, worked for Defendant Oklahoma City University ("OCU") as a Clinical Adjunct Professor from March 2017 until she was discharged on or about February 2, 2018. Doc. 1, at 1–2. Part of her job duties required Plaintiff to accompany students on clinical rotations at Integris Mental Health Hospital ("Integris"). *Id.* at 2.

On or about January 12, 2018, Plaintiff was on such a clinical rotation when she was approached by Cecelia Hooks, a nurse manager at Integris. *Id.* Ms. Hooks requested that they speak privately; once inside her office, Ms. Hooks told Plaintiff, "I do not know if you

can be here." *Id*. Ms. Hooks' comment was related to Plaintiff's prior Equal Employment Opportunity Commission ("EEOC") actions and a discrimination lawsuit against Integris. *Id*. In light of Plaintiff's prior actions, Ms. Hooks was unsure if Plaintiff could chaperone students during clinical rotations. *Id*. Ms. Hooks told Plaintiff she would seek further clarification from Integris's legal department. *Id*.

On or about February 2, 2018, Plaintiff was again on clinical rotations when Ms. Hooks informed her that Integris's legal department had made clear that Plaintiff was no longer allowed in the building. *Id*. at 2–3. Moreover, Integris had contacted OCU about the matter. *Id*. at 3. That same day, Plaintiff received an email from Linda Cook, Associate Dean and Professor at OCU's School of Nursing, informing Plaintiff that her contract with OCU was being terminated immediately. *Id*. The email stated that Plaintiff was being discharged "because Integris' legal department advised [OCU] that Plaintiff could no longer return to Integris' facility." *Id.*

Based on these factual allegations, Plaintiff asserts claims for retaliation under Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Oklahoma Anti-Discrimination Act ("OADA"), 25 O.S. § 1101 *et seq*. *See id*. at 4. Defendant moves to dismiss these claims, arguing that Plaintiff's allegations are insufficient to state a claim. *See generally* Doc. 9.

## II. Rule 12(b)(6) Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));

2

*see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). "A claim is facially plausible when the plaintiff has pled 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Llacua v. W. Range Ass'n*, --- F.3d ---, 2019 WL 3137227, at *9 (10th Cir. July 16, 2019) (quoting *Iqbal*, 556 U.S. at 678). While a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests," *Khalik v. United Air Lines*, 671 F.3d 1188, 1191–92 (10th Cir. 2012) (ellipsis, internal quotation marks, and citations omitted), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 556 ("Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]."). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis omitted).

### III. Discussion

Defendant moves to dismiss Plaintiff's retaliation claims on the grounds that Plaintiff's factual allegations are insufficient to state a plausible claim. *See* Doc. 9, at 2–3. Under Title VII, "[i]t shall be an unlawful employment practice for an employer to

discriminate against . . . [an] employee[] . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). "To state a prima facie Title VII retaliation claim, a plaintiff must show (1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019) (internal quotation marks and citation omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192.

Defendant contends that Plaintiff pleads no facts showing a causal connection between her protected activity and OCU's termination of her employment. Doc. 9, at 4–6. Moreover, Defendant asserts that Plaintiff includes no factual allegations "relating to whether the decision maker(s) had any knowledge of Plaintiff's alleged protected activity." *Id*. at 4. "Without this critical factual allegation," concludes Defendant, "Plaintiff's claims may be *conceivable*, but they are not *plausible*." Doc. 11, at 2 (emphasis original).

Defendant's reading of the Fed. R. Civ. P. 8(a)(2) pleading standard, as explicated in *Twombly* and *Iqbal*, is needlessly stringent. *Khalik v. United Air Lines*, which Defendant cites often throughout its briefing, explains the threshold a Plaintiff must cross to state a plausible claim:

> [T]his [plausibility] standard is a refined standard. In applying this . . . refined standard, we have held that plausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible. Further, we have noted that the nature and specificity of the allegations required to state a plausible claim will vary based on context. Thus, we have concluded the *Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do. In other words, Rule 8(a)(2) still lives.

*Khalik*, 671 F.3d at 1191–92 (internal quotation marks, citations, ellipsis, brackets, and paragraph breaks omitted). Keeping this standard in mind, the Court finds that Plaintiff has pled sufficient factual matter to state a plausible retaliation claim under Title VII. Plaintiff alleges that an Integris employee informed her she likely could not be on the premises because of prior protected activity taken against Integris. Doc. 1, at 2. Integris's legal department later confirmed that this was the case. *Id*. According to the complaint, Integris informed OCU that Plaintiff was no longer allowed on the premises, and OCU terminated Plaintiff the same day based on Integris's actions. *Id*. at 2–3. Granted, Plaintiff does not explicitly plead that OCU fired her because of prior protected activities *vis-à-vis* Integris. But Plaintiff *does* explicitly plead that Integris barred her from its premises because of these protective activities, and that Integris had informed OCU of this bar immediately prior to Plaintiff's termination. Given that Plaintiff need not plead a *prima facie* case in her complaint to meet Rule 8's requirements, the Court finds that Plaintiff's factual allegations suffice to give Defendant fair notice of her claims and the grounds upon which they rest.

Moreover, the purported deficiencies raised by Defendant in its motion indicate issues more appropriately considered at the summary judgment stage. Defendant cites

5

several cases in support of its argument, but these cases assess Title VII claims at the summary judgment or trial stage, not at the motion-to-dismiss stage. *See* Doc. 9, at 3–4 (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013); *Aman v. Dillon Companies, Inc.*, 645 F. App'x 719 (10th Cir. 2016); and *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187 (10th Cir. 2008), all of which had reached summary judgment or trial). Defendant also argues that Plaintiff's complaint is subject to some heightened, hybrid standard of review, based upon the fact that Plaintiff has filed a similar lawsuit (CIV-18-1045-R) against Integris that is nearing the end of discovery. *See* Doc. 9, at 5–6 ("Plaintiff has failed to [plead a plausible claim] despite having the benefit of months of discovery in her companion lawsuit against Integris."); Doc. 11, at 4 ("[T]he present case is a unique case . . . [because] there is a companion lawsuit where Plaintiff has been conducting discovery for months into . . . allegations against Integris. *The Court should not ignore the fact that Plaintiff should have some evidence sufficient to assert the factual allegation necessary to survive the University's Motion . . . .*" (emphasis added)). Defendant cites no authority (and the Court knows of none) supporting its suggestion that the Court judge the sufficiency of Plaintiff's complaint under a "summary judgment lite" standard because Plaintiff is involved in related litigation that has progressed further than the instant action. Defendant's filings make clear that it doubts Plaintiff will be able to marshal adequate evidence showing a causal connection between her protected activity and her termination. But such doubts are appropriately considered in the context of a summary judgment motion, not a Rule 12(b)(6) motion to dismiss. Here, the question is simple: does Plaintiff's complaint include a short and plain statement giving Defendant fair notice of the claims

and their grounds? The answer is yes.

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss Plaintiff's Title VII retaliation claim is denied. Likewise, because OADA claims are evaluated under the same standards as Title VII claims, Defendant's motion is denied as to Plaintiff's state-law retaliation claim. *See Hamilton v. Okla. City Univ.*, 911 F. Supp. 2d 1199, 1206 (W.D. Okla. 2012) ("Because the protections provided by the OADA are co-extensive with the protections provided by federal law under the ADA, a plaintiff's OADA claim fails if her federal discrimination claims fail." (internal quotation marks and citations omitted)); *see also Jones v. Needham*, 856 F.3d 1284, 1292 (10th Cir. 2017) ("The OADA is analyzed similarly to Title VII claims."); *Cunningham v. Skilled Trade Servs., Inc.*, No. CIV-15-803-D, 2015 WL 6442826, at *3 (W.D. Okla. Oct. 23, 2015) ("[C]laims under the OADA are evaluated using the same standards as claims under Title VII, and a claim that fails under Title VII will also fail under the OADA.").

IT IS SO ORDERED this 7th day of August, 2019.

*[signature]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE